IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | * Criminal No. **19-544 PJM** |
| **KENNETH JOHNSON,** | * |
| Defendant. | * |

**MEMORANDUM OPINION**

On January 26, 2021, Defendant Kenneth Johnson voluntarily admitted that he had violated certain conditions of his supervised release following his conviction, sentence, and confinement for unlawful possession of a firearm after a prior felony conviction. The previous day, in the unlawful possession case, handled on the merits by the D.C. Superior Court (Case No. 2020 CF2 003357), Defendant had received a sentence of 14 months of imprisonment and 3 years of supervised release.

In the present case, the Government and defense counsel jointly recommended that a sentence of 3–6 months consecutive to the D.C. sentence would be appropriate. (The sentencing guidelines range for custody was 8 to 14 months.)

The Court, however, understood that Defendant had in effect not completed his supervised release at all. With leave of court, Defendant, after counseling with and through counsel, subsequently disputed that he had been totally noncompliant with his supervised release. As a result, the Court asked U.S. Probation to submit a written report of Defendant's actual compliance history during his supervised release. Probation has now done so, and a copy of its report is appended hereto.

The report definitively contradicts Defendant's suggestion about his "close contact" with Probation, "active participation" in a job readiness program, and the "several appointments" he

made, as opposed to those missed. The Court thus remains convinced that Defendant was continuously and substantially noncompliant with the conditions of his supervised release and that a stronger sentence than 6 months additional custody is in order. The Court therefore imposes an 8-month sentence to run consecutively to the D.C. sentence. The key considerations were deterrence of Defendant as he enters supervised release following his new sentence in connection with the D.C. case and general deterrence of other defendants appearing before this Court who may be, as Defendant here was, significantly neglectful of their supervised release obligations.

February 10, 2021

                                           PETER J. MESSITTE
                                    UNITED STATES DISTRICT JUDGE